UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                    )
                                          )        Bankruptcy No.  10-39329
Guadalupe Ramirez and Maria E. Ramirez,   )
                                          )        Chapter          7
        Debtors.                          )

## COVER APPLICATION FOR PROFESSIONAL COMPENSATION
## (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____ Nixon Peabody LLP f/k/a Ungaretti & Harris LLP _____

Authorized to Provide Professional Services to: ___ R. Scott Alsterda, Chapter 7 Trustte ___

Date of Order Authorizing Employment: _____ January 11, 2011 _____

Period for Which Compensation is Sought:
From _____ November 19 _____, 2010 ____   through ____ November 17, 2017 ___

Amount of Fees Sought: _____ $8,713.00 _____

Amount of Expense Reimbursement Sought: _____ $722.08 _____

This is an:        Interim _____        Final Application ___✓___

If this is *not* the first application filed herein by this professional, disclose as to al prior fee
applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: __ December 7, 2017 __                R. Scott Alsterda, Chapter 7 Trustee
                                                      (Counsel)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Guadalupe Ramirez and Maria E. Ramirez, | ) | Case No. 10-39329 |
| | ) | |
| Debtors. | ) | Honorable Jacqueline P. Cox |

## FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL
## FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the

Trustee pursuant to 11 U.S.C. §330 and Bankruptcy Rule 2016 submits this first and final application

for compensation and reimbursement of expenses and represents to the Court as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157

and 1334.  Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §157(b).

Venue of these proceedings is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

2.    The statutory predicates for the relief sought herein is 11 U.S.C. §§105, 330 and 331,

Bankruptcy Rule 2016 and Local Rule 5082-1.

### BACKGROUND

3.    Guadalupe Ramirez and Maria E. Ramirez (the "Debtors") filed their voluntary

petition under Chapter 7 of the Bankruptcy Code on August 31, 2010 [Dkt. 1].

4.    R. Scott Alsterda was appointed as the trustee in the Debtors' Chapter 7 bankruptcy

case (the "Trustee") and has continued to serve in that capacity during the case.

5.    The Trustee filed his Initial Report of Assets on January 3, 2011 [Dkt. 35].

6.      On January 11, 2011, an order was entered approving the employment of Ungaretti & Harris LLP as counsel for the Trustee [Dkt. 38].  A copy of the Order approving the employment of Ungaretti & Harris LLP as counsel for Trustee effective November 19, 2010 is attached hereto as Exhibit "A."  Thereafter, an order was entered authorizing the substitution of Nixon Peabody LLP as Trustee's legal counsel pursuant to a merger of the two firms [Dkt. 57].  A copy of the Order is attached as Exhibit "B."

## CASE SUMMARY

7.      At the inception of the Debtors' Chapter 7 bankruptcy case, the Trustee identified two potential assets to be administered for the benefit of creditors and NP assisted the Trustee in the investigation and disposition of those assets.

8.      The first potential asset was a bar located in Kenosha, Wisconsin (the "Bar"), which the Debtors owned and operated through a limited liability company.

9.      The Trustee with the assistance of NP determined that the Debtors did not generate any significant net proceeds from operating the Bar, and that there were serious risks and potential liabilities associated with operating an establishment that served liquor.

10.      The Trustee also determined that the real estate where the Bar was operating was worth less than the mortgage on the property and that a foreclosure was likely to be filed.

11.      Based on the foregoing, NP at the direction of the Trustee prepared and filed a motion authorizing the Trustee's abandonment of the bankruptcy estate's interest in the Bar including the Debtors' membership interests in the limited liability company that operated the Bar [Dkt. 39].  On February 8, 2011, this Court entered an order authorizing the Trustee's abandonment of the Bar and the Debtors' membership interests [Dkt. 42].

12.   The second potential asset in the Debtors' bankruptcy estate was a 2-flat building owned by the Debtors and located at 3719 W. Irving Park Road, Chicago, Illinois (the "2-Flat").

13.   The Trustee with the assistance of NP determined that the 2-Flat likely had a value exceeding the mortgage indebtedness, the homestead exemption and the real estate tax liabilities.

14.   NP acting at the direction of the Trustee negotiated and drafted a letter agreement with the Debtors for the Debtors' purchase of the bankruptcy estate's interest in the 2-Flat for the sum of $50,000 payable in twelve (12) monthly installments.

15.   NP prepared and filed a motion seeking court approval of the proposed sale of the bankruptcy estate's interest in the 2-Flat to the Debtors [Dkt. 36].

16.   On January 26, 2011, this Court entered an order granting the Trustee's motion to sell the bankruptcy estate's interest in the 2-Flat to the Debtors [Dkt. 40].

17.   Following the entry of the order approving the sale of the bankruptcy estate's interest in the 2-Flat, the Debtors made six (6) monthly installments to the Trustee, however the Debtors stopped payment on the sixth check and made no further installment payments to the Trustee.

18.   NP assisted the Trustee in attempting to collect the balance due on the sale from the Debtors including exploring the possibility of a sale of the 2-Flat.

19.   The Trustee finally negotiated a compromise of the balance due from the Debtors in the amount of $10,000 and at the Trustee's direction, NP prepared and filed a motion to approve the Trustee's compromise with the Debtors [Dkt. 60].   On October 4, 2017, this Court entered an order approving the compromise [Dkt. 63].

20.   NP prepared and filed a motion authorizing the Trustee's employment of tax accountants for the preparation of the bankruptcy estate's tax returns [(Dkt. 61].   On October 4, 2017 this Court entered an order granting the Trustee's motion to employ tax accountants [Dkt. 64].

21.    The tax returns for the bankruptcy estate have been filed with the federal and state taxing authorities and the case is ready to be closed after the funds on hand have been distributed.

22.    The Trustee believes that after the payment of allowed administrative expenses in the Chapter 7 bankruptcy case and the reduction of a priority tax claim to "zero," that there will be a meaningful distribution to to pre-petition general unsecured claims.

## DESCRIPTION OF LEGAL SERVICES

23.    The nature and extent of the services which NP provided to the Trustee are summarized in the next few paragraphs.

24.    <u>Asset Analysis and Recovery (B-120)</u>.  NP provided 11.30 hours of services to the Trustee with a value of $5,119.50 related to the Trustee's sale of the bankruptcy estate's interest in the 2-Flat to the Debtors.  These services included assisting the Trustee in negotiating and drafting the letter agreement for the sale.  NP also drafted and filed the notice, motion and order for approval of the sale, and appeared in court for the hearing on the sale.  Following the Debtors' default on the monthly installment payments, NP provided additional services to the Trustee in the form of correspondence and telephone conferences with the Debtors' representatives seeking a resumption of the monthly payments.  NP provided additional services to the Trustee in connection with the preparation and filing of the Trustee's motion to approve a compromise of the balance due with the Debtors, including a court appearance for the hearing on the motion.

25.    <u>Asset Disposition (B-130)</u>.  NP provided 2.50 hours of services to the Trustee with a value of $755.50 related to the Trustee's motion to abandon the bankruptcy estate's interest in the Bar and Debtors' membership interests in the limited liability company that operated the Bar.  These services included drafting, filing and a court appearance for the abandonment motion.

26.   Relief From Stay (B-140). NP provided 1.70 hours of services to the Trustee with a value of $818.50 related to various motions for relief from the automatic stay in the bankruptcy case. These services included reviewing the motions for stay relief on the Bar, the 2-Flat and a vehicle, and a couple of court appearances for the hearings on the three motions.

27.   Fee/Employment Applications (B-160). NP provided 4.30 hours of services to the Trustee with a value of $1,710.50 related to the Trustee's motions to employ various professionals in the bankruptcy case.   These services included drafting the motions and appearing at the court hearings on the Trustee's motion to employ legal counsel and the subsequent motion to amend the employment order following the merger of the original law firm (Ungaretti & Harris LLP) into NP. In addition, NP appeared at the court hearing on the Trustee's motion to employ tax accountants.

28.   Claims (B-310). NP provided .60 hours of services to the Trustee with a value of $309.00 in connection with a review and reconciliation of the filed proofs of claim and the scheduled claims in the bankruptcy case.

29.   Summary of Services. The services provided to the Trustee by NP are summarized as follows:

| CATEGORY | HOURS | VALUE |
|---|---|---|
| Asset Analysis and Recovery (B-120) | 11.30 | 5,119.50 |
| Asset Disposition (B-130) | 2.50 | 755.50 |
| Relief from Stay (B-140) | 1.70 | 818.50 |
| Fee/Employment Applications (B-160) | 4.30 | 1,710.50 |
| Claims (B-310) | .60 | 309.00 |
| TOTAL | 20.40 | 8,713.00 |

30.   Attached as Exhibit "C" is an itemized statement of the legal services rendered by NP in chronological order.  The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

31.   The time expended and services rendered by the individual NP attorneys are summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda (Partner/Counsel) | 13.90 | 515.00 | 7,158.50 |
| Patrick F. Ross (Associate) | 6.20 | 235.00 | 1,457.00 |
| Gregory Linde (Associate) | .30 | 325.00 | 97.50 |
| **TOTAL** | **20.40** | | **8,713.00** |

32.   Exhibit "C" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee.  These expenses include postage ($245.08) and copying at 10 cents per page ($477.00) for a total amount of $722.08.

33.   Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

34.   At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which NP was employed.

**PRAYER FOR RELIEF**

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $8,713.00 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $722.08, for a total allowance of $9,435.08.

Respectfully Submitted

R. SCOTT ALSTERDA, TRUSTEE

/s/ R. Scott Alsterda

Of Counsel:
R. Scott Alsterda (ARDC 3126771)
Nixon Peabody LLP
70 West Madison Street, Suite 3500
Chicago, Illinois 60602-4283
312-977-9203
rsalsterda@nixonpeabody.com